UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARLENE MCGUIRE,

     Plaintiff,       Case No. 16-13113

v.             Paul D. Borman
             United States District Judge
JOSEPH A. MCCORMICK, ROBERT
SITKAUSKAS, VALERIE BRADER,
ARIC NESBITT, FRANK LIBERATI,   Mona K. Majzoub
and JOHN DOE DEFENDANTS 1-10,   United States Magistrate Judge

     Defendants.
_____/

**OPINION AND ORDER:**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 43);**
**(2) ADOPTING THE REPORT AND RECOMMENDATION OF THE**
**MAGISTRATE JUDGE (ECF NO. 40);**
**(3) GRANTING DEFENDANT BRADER'S MOTION TO DISMISS AS**
**TO COUNTS I-V (ECF NO. 11);**
**(4) GRANTING DEFENDANTS MCCORMICK AND SITKAUSKAS'S**
**MOTION TO DISMISS AS TO COUNTS I-V (ECF NO. 13);**
**(5) GRANTING DEFENDANTS NESBITT AND LIBERATI'S MOTION**
**TO DISMISS AS TO COUNTS I-V (ECF NO. 17);**
**(6) DISMISSING COUNTS I-V AS PLED AGAINST JOHN DOE**
**DEFENDANTS 1-10 WITH PREJUDICE;**
**(7) DISMISSING COUNTS VI-XIV WITHOUT PREJUDICE; AND**
**(8) CLOSING THIS CASE**

On August 29, 2016, Plaintiff Arlene McGuire filed suit against various

Defendants based on utility Detroit Edison Company's ("**DTE**") replacement of its

customers' traditional electric and natural gas meters with a "smart grid" system

made up of more technologically advanced, radio-transmitting meters. These "smart

meters," which collectively make up DTE's Advanced Metering Infrastructure system ("**AMI**"), "can record near-real-time power consumption data and report that usage to the utility at frequent intervals." *In re Application of Detroit Edison Company to Implement Opt Out Program*, No. 316728, 2015 WL 728383, at *1 (Mich. Ct. App. Feb. 19, 2015).

The federal claims asserted in the Complaint (ECF No. 1) include violation of the Energy Policy Act of 2005, 16 U.S.C. § 2601 *et seq.* (Count I); violation of the federal wiretapping act, 18 U.S.C. § 2510 *et seq.* (Count II); violation of the Fourth Amendment (Count III); violation of the Fifth Amendment (Count IV); and violation of the Ninth and Tenth Amendments (Count V). Plaintiff also asserts a variety of state-law claims in Counts VI-XIV of the Complaint.

The Defendants in this action are Joseph McCormick, director of DTE's AMI program; Robert Sitkauskus, a DTE employee also involved in the AMI program; Valerie Brader, Executive Director of the Michigan Agency for Energy; Aric Nesbitt, a legislator in the Michigan House of Representatives; Frank Liberati, another legislator in the Michigan House of Representatives; and ten unknown employees of DTE, named in the action as John Doe Defendants. In September 2016, all of the named Defendants moved to dismiss this action via three separate Motions to Dismiss. (ECF Nos. 11, 13, 17.)

On May 22, 2017, Magistrate Judge Mona K. Majzoub issued a Report and

Recommendation, recommending that this Court grant the Defendants' Motions to Dismiss, and also dismiss the John Doe Defendants for the same reasons as the two named DTE-affiliated Defendants should be dismissed. (ECF No. 40, Report and Recommendation.) Now before the Court are Plaintiff's Objections to the Report and Recommendation. (ECF No. 43, Pl.'s Objs.) Defendants filed three Responses to Plaintiff's Objections. (ECF Nos. 44-46.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will overrule Plaintiff's Objections and adopt the Magistrate Judge's Report and Recommendation.

## I.     BACKGROUND

The Magistrate Judge comprehensively set forth the factual background of this matter in her Report and Recommendation. The Court adopts that account here. (Report and Recommendation at 1-5, Pg ID 396-400.)

In the Report and Recommendation, the Magistrate Judge also thoroughly articulated the reasons behind her recommendation that all claims in this action be dismissed. (*See id.* at 6-15, Pg ID 401-410.) First, the Magistrate Judge recommended that this Court dismiss Plaintiff's claim under the Energy Policy Act of 2005 (Count I) as to all Defendants, because (assuming that statute creates a private right of action at all) Plaintiff has not shown that DTE's implementation of its smart-meter program violates that statute in any way. The Magistrate Judge then

recommended that this Court dismiss Plaintiff's claim under the federal wiretapping act (Count II) as to all Defendants, noting that the claim does not appear to be directed at the non-DTE-affiliated Defendants; that smart-meter programs like DTE's are expressly authorized and funded by other federal statutory provisions; that the wiretapping statute is not implicated by DTE's smart-meter program because the information transmitted goes to its intended recipient (the utility) rather than being "intercepted"; and that the statute would not impose liability on any of the Defendants for interceptions by hackers or other third parties if they occurred.

Counts III and IV warrant dismissal, the Magistrate Judge then explained, because Plaintiff has not set forth any plausible theory of liability under the Fourth and Fifth Amendments as to state-affiliated Defendants Brader, Nesbitt, and Liberati, and because the remaining Defendants cannot incur such liability given that they are not state actors. As to Count V, the Magistrate Judge recommended that the Court dismiss the Ninth and Tenth Amendment claims as to all Defendants, explaining that to the extent those claims are restatements of Plaintiff's Fourth and Fifth Amendment claims they should be dismissed for the reasons stated in the Magistrate Judge's discussion of Counts III and IV; that the Ninth Amendment confers no substantive rights beyond those also conferred by other parts of the Constitution; and that Plaintiff has not plausibly alleged a Tenth Amendment claim because she did not allege any commandeering of state regulatory schemes by the

federal government. The Magistrate Judge recommended that the Court dismiss the remaining state-law claims (Counts VI-XIV) pursuant to 28 U.S.C. § 1367(c)(1), which authorizes district courts to decline to exercise supplemental jurisdiction over state-law claims where the court "has dismissed all claims over which it has original jurisdiction . . . ." Finally, the Magistrate Judge stated that all of Plaintiff's claims against the ten John Doe Defendants should be dismissed for the same reasons that they should be dismissed as against the named DTE-affiliated Defendants.

## II.    STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp.

2d 743, 747 (E.D. Mich. 2004). Likewise, an objection that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III.     ANALYSIS

Plaintiff raises fifteen objections to the Report and Recommendation. Having thoroughly reviewed Plaintiff's objections, this Court concludes that they lack merit for the reasons stated below. Accordingly, the Court will overrule Plaintiff's objections and adopt the Magistrate Judge's Report and Recommendation in full.

### A.     Objection 1

Plaintiff objects to the Magistrate Judge's citation of *In re Application of Detroit Edison Company to Implement Opt Out Program*, No. 316728, 2015 WL 728383 (Mich. Ct. App. Feb. 19, 2015), for the proposition that DTE's smart grid system was "intended to 'increase the reliability of the electric grid, reduce outage time, and otherwise improve service.'" (Report and Recommendation at 2-3, Pg ID 397-98 (quoting *In re Application of DTE*, 2015 WL 728383, at *1).) Specifically, Plaintiff takes issue with the lack of proof of this statement, and argues that the Magistrate Judge's adoption of the statement despite the Defendants' failure to support it with "any electrical engineering standards" constitutes legal error. (Pl.'s Objs. at 2, Pg ID 421.) Plaintiff also appears to cite the dissenting opinion in *In re*

*Application of Consumer Energy to Increase Elec. Rates*, 316 Mich. App. 231 (2016), though the quote that she attributes to that opinion does not actually appear in it. (*See* Pl.'s Objs. at 2-3, Pg ID 421-22.)

*In re Application of Consumer Energy* is irrelevant here, in any event, as it involved the question of whether the Michigan Public Service Commission's approval of a utility's smart grid program was supported by sufficient evidence. *See id.* at 233-40. This is a completely different legal context, both because this case concerns an individual plaintiff seeking redress for damages rather than judicial review of an agency decision, and because the Court's responsibility at this stage of the case is to assume Plaintiff's factual allegations to be true, and then determine whether they would entitle her to any remedy under the law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For this reason, questions as to whether a particular factual assertion is supported by evidence are largely irrelevant at this time.

The Court also notes that whether it is true or not that DTE's smart grid system was "intended to increase the reliability of the electric grid, reduce outage time, and otherwise improve service" (Report and Recommendation at 2-3, Pg ID 397-98) does not affect any of the reasons to dismiss Plaintiff's claims that the Magistrate

Judge provided in the Report and Recommendation.

For all of these reasons, Plaintiff's first objection is overruled.

**B.    Objection 2**

Plaintiff also objects to the Magistrate Judge's quoting *In re Application of DTE* for a different factual proposition: "Michigan Public Service Commission ('MPSC') staff have reported that '[o]ffering customers an electromechanical meter as an alternative to a smart meter is not a long-term solution,' because '[t]he traditional electromagnetic meter is obsolete and currently not in production.'" (Report and Recommendation at 3, Pg ID 398 (quoting *In re Application of DTE*, 2015 WL 728383, at *2).) Plaintiff argues that "[t]his statement by the Magistrate [Judge] is simply false, and for her to use this as evidence to support her [Report and Recommendation] against this Plaintiff is not just wrong, but shows her bias and prejudice." (Pl.'s Objs. at 3, Pg ID 422.)

This objection has the same flaws as Plaintiff's first objection. Whether a fact quoted by the Magistrate Judge from a state-court opinion is supported by evidence is not relevant to the analysis conducted when Plaintiff's case is challenged with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Further, the factual proposition Plaintiff challenges here is unrelated to any of the reasons that the Magistrate Judge recommended dismissal of the case. Finally, Plaintiff has not explained (and this Court fails to see) how the Magistrate Judge's quotation of *In re*

*Application of DTE* by way of factual background represents bias or prejudice on the Magistrate Judge's part. Plaintiff's second objection is overruled.

## C.  Objection 3

Plaintiff makes several objections regarding the Magistrate Judge's adherence to the standards governing motions to dismiss under Rule 12 of the Federal Rules of Civil Procedure. The Court considers them in turn.

Plaintiff argues that *DLX, Inc. v. Kentucky*, 381 F.3d 511, 514 (6th Cir. 2004), cited by the Magistrate Judge for the general standards applicable to Rule 12(b)(1) motions, is distinguishable because the case involved a Rule 12(b)(1) motion that was granted on the basis of the ripeness and *Rooker-Feldman* doctrines,[1] neither of which is relevant to this case. This objection lacks merit for two reasons. First, the Magistrate Judge cited *DLX* for the standard applicable to Rule 12(b)(1) motions generally, which seek dismissal of a case based on the court's asserted lack of subject-matter jurisdiction; those standards do not differ based on the substantive reason for the challenge to the court's jurisdiction. Second, the Magistrate Judge did not ultimately recommend dismissal of any of Plaintiff's claims on Rule 12(b)(1)

---

[1] "The *Rooker–Feldman* doctrine, named for *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), stands for the proposition that a party aggrieved by a state-court decision cannot appeal that decision to a district court, but must instead petition for a writ of certiorari from the United States Supreme Court." *DLX*, 381 F.3d at 516.

grounds, and presumably only cited the Rule 12(b)(1) standard in the spirit of thoroughness, as some of the Defendants' Motions to Dismiss were made on Rule 12(b)(1) grounds.

Next, Plaintiff argues that the Magistrate Judge did not accept as true the factual allegations in her Complaint, or otherwise construe the Complaint in the light most favorable to Plaintiff.[2] This Court disagrees. The reasons that the Magistrate Judge set forth in the Report and Recommendation for dismissing Plaintiff's claims are legal, not factual, and the law requires the Court to dismiss Plaintiff's claims for all of those reasons even if all of Plaintiff's factual allegations are true—which the Magistrate Judge and this Court have assumed that they are.

Finally, Plaintiff reminds the Court of her status as a *pro se* litigant, which requires that her Complaint be reviewed under "less stringent standards than formal pleadings drafted by lawyers[,]" and requests the opportunity to amend the Complaint if it is still considered deficient under Rule 12(b)(6). (Pl.'s Objs. at 6, Pg ID 425 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).)

The reasons that the Complaint must be dismissed have nothing to do with how well or poorly the Complaint was written, and Plaintiff is clear in the Complaint

---

[2] Plaintiff also accuses Defendants' counsel of lying and perjury, but has not substantiated these accusations in any specific way. For this reason, the Court will disregard them.

about the facts she is alleging and the laws she believes were violated. As the Magistrate Judge properly concluded, Plaintiff's allegations, assumed to be true, simply do not entitle Plaintiff to the relief she seeks under any of the laws she invokes. Nor has Plaintiff shown that she could amend her Complaint in a way that would specifically address the deficiencies identified by the Magistrate Judge, which concern legal hurdles to Plaintiff's claims rather than any evidentiary or factual issues. Accordingly, the Court overrules Plaintiff's third objection.

## D.      Objections 4 and 5

In her fourth and fifth objections, Plaintiff elaborates on an argument that she made in her third objection: that the Magistrate Judge failed to accept her factual allegations as true or otherwise read the Complaint in the light most favorable to Plaintiff, as evidenced by the Magistrate Judge's recommendation that the case be dismissed even though Defendants have failed to rebut Plaintiff's factual allegations.

As stated above, however, a court's evaluation of a complaint's legal sufficiency under Rule 12(b)(6) is not concerned with whether the plaintiff's factual allegations are supported by evidence, or with whether they have been rebutted by the defense; it concerns whether the allegations, if plausible and assumed to be true, entitle the plaintiff to relief. This is the analysis that the Magistrate Judge undertook in the Report and Recommendation, and this Court sees no error in her analysis. The Court overrules Plaintiff's fourth and fifth objections.

E.    **Objection 6**

Plaintiff raises several related objections to the Magistrate Judge's recommendation that this Court dismiss Count I of Plaintiff's Complaint, which asserts a claim under the Energy Policy Act of 2005, 16 U.S.C. § 2601 *et seq*.

The first of these objections is directed at the Magistrate Judge's conclusion that DTE's implementation of its smart-meter program did not violate the statute. Plaintiff concedes that the Magistrate Judge was "partially correct" in determining that "it is clear from the plain language of the statute that DTE is not prohibited from implementing its smart meter program." (Pl.'s Objs. at 11, Pg ID 430 (quoting Report and Recommendation at 7, Pg ID 402).) Even so, Plaintiff argues, the statute does not affirmatively authorize DTE's implementation of the program without the consent of its customers, but instead uses terms like "shall offer" and "upon customer's request" which imply that the implementation may be voluntary only. (Pl.'s Obj.'s at 10, Pg ID 429 (quoting 16 U.S.C. § 2601 *et seq.*).)

There are two problems with this argument. First, as the Magistrate Judge noted, it is far from clear that this statute provides for a private right of action at all. In fact, at least one district court has held that it does not. *See Naperville Smart Meter Awareness v. City of Naperville*, No. 11 C 9299, 2013 WL 1196580, at *8 (N.D. Ill. Mar. 22, 2013) ("Given that Congress explicitly granted discretion to the state regulatory authority to implement § 2621(d)(14)(A) and (C), these statutory

provisions . . . [do] not create a private right of action for the Plaintiffs in this case."). This consideration is likely enough by itself to require dismissal of Count I, since the Supreme Court has made clear that "[i]f the statute itself does not 'displa[y] an intent' to create 'a private remedy,' then 'a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.'" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001)).

Even if that is not sufficient grounds for dismissal of Count I, the fact that no Defendant violated the express terms of the statute is. This Court declines to read the statute's lack of an express authorization of the conduct Plaintiff charges the Defendants with as an actionable prohibition of that conduct.

Plaintiff also takes issue with the Magistrate Judge's citations of 26 U.S.C. § 2611 and 16 U.S.C. § 2612, maintaining that neither statutory provision is relevant to this case. Plaintiff is correct when it comes to 26 U.S.C. § 2611, which is a section of the Internal Revenue Code, but that citation is clearly a typographical error, as it is surrounded by other citations to Title 16 (rather than Title 26) of the United States Code, and the language quoted in the citation at issue does in fact appear in 16 U.S.C. § 2611. As to 16 U.S.C. § 2612 ("Coverage"), that provision merely establishes what utilities fall within the scope of the statute, and has nothing to do with the reasoning behind the Magistrate Judge's recommendation as to the dismissal of Count I. In any

case, Plaintiff has not argued that DTE is excluded from the statute's coverage.

For the reasons stated above, Plaintiff's sixth objection is overruled.

## F.    Objection 7

Plaintiff's seventh objection, nominally still concerned with the Magistrate Judge's findings regarding Count I, is actually a political and quasi-constitutional argument that governments cannot authorize corporations to act over the objections of the citizens of the United States, who possess ultimate sovereignty. Plaintiff cites several Supreme Court cases discussing the principle of individual sovereignty, all decided around the turn of the 20th century and from a variety of civil and criminal contexts. Plaintiff has not, however, explained how these cases are relevant to the specific legal reasons articulated by the Magistrate Judge that this action should be dismissed for failure to state a cognizable legal claim. This Court concludes that they are not. Plaintiff's seventh objection is overruled.

## G.    Objection 8

In her discussion of whether DTE's implementation of its smart-meter program violated the Energy Policy Act of 2005, the Magistrate Judge quoted *In re Application of DTE* for the proposition—incidental, at best, to the analysis—that fully analog meters are "obsolete and no longer in production . . . ." (Report and Recommendation at 8, Pg ID 403 (quoting *In re Application of DTE*, 2015 WL 728383, at *1).) Plaintiff characterizes this statement as "a specious argument, an all

out fabrication of the truth and a perjurious statement." (Pl.'s Objs. at 13, Pg ID 432.)

As noted above in the Court's discussion of Plaintiff's first and second objections, the question of whether factual findings by the Michigan Court of Appeals in *In re Application of DTE* are supported by evidence is irrelevant to the reasons that this lawsuit must be dismissed. The Magistrate Judge recommended dismissal of Count I as to all Defendants because Plaintiff has not alleged any actions by any of them that violate the Energy Policy Act of 2005. This Court finds no error in that assessment. Plaintiff's eighth objection is overruled.

## H.    Objection 9

Plaintiff objects to the Magistrate Judge's use of the phrase "governmental immunity" in the final paragraph of the section of the Report and Recommendation concerning Count I, arguing that there can be no governmental immunity unless "public functionaries" like DTE act "de jure." (Pl.'s Objs. at 13-14, Pg ID 432-33 (citing *Norton v. Shelby County*, 118 U.S. 425, 443 (1886)).) The Magistrate Judge did not actually recommend dismissal of any of Plaintiff's claims based on any form of governmental immunity, however, and in fact used the term only in describing some of the arguments made by Defendants before stating that those arguments would not be addressed in her analysis. (See Report and Recommendation at 8-9, Pg ID 403-04.) The concept of "governmental immunity" has nothing to do with the reasons that the Magistrate Judge recommended dismissal of this case. Plaintiff's

ninth objection is overruled.

## I.     Objection 10

Plaintiff's tenth objection concerns the Magistrate Judge's findings as to Plaintiff's claim under the federal wiretapping act, 18 U.S.C. § 2510 *et seq.*, asserted in Count II of the Complaint. The Magistrate Judge determined that the claim was not asserted against the non-DTE-affiliated Defendants; that programs like DTE's are authorized by and funded pursuant to other provisions of federal law; that a smart meter does not "intercept" information as contemplated by the statute but simply transmits it to the intended recipient; and that whatever the risk of unauthorized third parties accessing information, the federal statute would not hold any of the Defendants liable for such an eventuality if it occurred.

Plaintiff contends that the state Defendants are indeed liable because they are "public functionaries" tasked with protecting the freedoms of citizens. Plaintiff then argues that her factual allegations of Defendants' failure at this task are unrebutted; rejects the Magistrate Judge's finding that federal statutory approval and funding of smart-meter programs weighs against a conclusion that the federal wiretapping statute prohibits them; and reiterates her concerns about the possibility of unauthorized third-party access of smart meters.

This objection lacks merit. Even assuming Count II is directed at all Defendants, and putting aside the authorization for smart-meter programs that exists

elsewhere in federal statutory law, Plaintiff has failed to demonstrate how DTE's smart-meter program violates 18 U.S.C. §§ 2510 and 2511, given that those statutory provisions only cover "interceptions" of communications and would not impose liability on any of the Defendants for the actions of third parties. Plaintiff's tenth objection is overruled.

## J.    Objection 11

Plaintiff's eleventh objection is directed towards the Magistrate Judge's recommendations regarding Plaintiff's Fourth and Fifth Amendment claims, as asserted in Counts III and IV of the Complaint. The Magistrate Judge recommended that these claims be dismissed as to state Defendants Brader, Nesbitt, and Liberati based on the finding of the Michigan Court of Appeals that "the design and implementation of [the smart-meter program] was a management decision reserved to DTE, a private company." (Report and Recommendation at 11, Pg ID 406 (citing *In re Application of DTE*, 2015 WL 728383, at *4).) The Magistrate Judge then concluded that DTE-affiliated Defendants McCormick and Sitkauskas could not be held liable as state actors under the Fourth and Fifth Amendments in light of the well-established principle that "the supplying of utility service is not traditionally the exclusive prerogative of the State . . . ." (Report and Recommendation at 12-13, Pg ID 407-08 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 358 (1974)).)

Plaintiff objects to both conclusions. The only argument that Plaintiff makes

17

regarding the state-actor Defendants is that "[t]he decision reserved to DTE cannot be an arbitrary or capricious one, without considering the public interest which they serve." (Pl.'s Objs. at 15, Pg ID 434.) But Plaintiff does not support this argument with any citation to relevant case law, state why these three *specific* state actors should incur liability under the Fourth and Fifth Amendments, or provide this Court with any other reason for interfering with the Michigan Court of Appeals' determination that the state's delegation of decisions regarding smart-meter equipment was "not unlawful." *In re Application of DTE*, 2015 WL 728383, at *4.

As regards the DTE-affiliated Defendants, Plaintiff attacks the Magistrate Judge's reliance on the Supreme Court's decision in *Jackson*, arguing that that case is factually distinguishable from the instant case because the termination of electricity service without notice or a hearing that was at issue in that case is "hardly equal to the forced deployment" of DTE's smart meters alleged in this one. (Pl.'s Objs. at 15-16, Pg ID 434-35.) The Court rejects this argument. In *Jackson*, the Supreme Court declined to characterize as a state actor "a heavily regulated, privately owned utility, enjoying at least a partial monopoly in the providing of electrical service within its territory, [which] elected to terminate service to petitioner in a manner which the Pennsylvania Public Utility Commission found permissible under state law." *Jackson*, 419 U.S. at 358. Given the *Jackson* Court's primary focus on the relationship between the utility and the state rather than the

details of the utility's challenged conduct, this Court does not see (nor has Plaintiff supplied) any basis to conclude that the reasoning in *Jackson* does not apply with equal force to the implementation of smart meters at issue in this case.

Plaintiff also draws a distinction between the "partial monopoly" of the utility in *Jackson* and the "100% complete monopoly which DTE enjoys in its territory in the State of Michigan." (Pl.'s Objs. at 16, Pg ID 435.) Assuming that Plaintiff's characterization of DTE's monopoly is accurate, Plaintiff has not demonstrated why this would make *Jackson* inapplicable here. In fact, the *Jackson* opinion itself and subsequent Sixth Circuit case law both weigh in the other direction. *See Jackson*, 419 U.S. at 351-52 (explaining that the utility's possession of a monopoly was "not determinative in considering whether [its] termination of service to petitioner was 'state action' for purposes of the Fourteenth Amendment"); *Mays v. Buckeye Rural Elec. Co-op., Inc.*, 277 F.3d 873, 880–81 (6th Cir. 2002) ("A private utility company . . . does not amount to a state actor, even if the utility possesses a monopoly over the provision of a service, for Fourteenth Amendment purposes.").[3] This Court

---

[3] The Court notes that both the Supreme Court in *Jackson* and the Sixth Circuit in *Mays* confronted due process claims asserted under the Fourteenth Amendment, while Plaintiff's claims in Counts III and IV are made under the Fourth and Fifth Amendments respectively. It does not appear to be conclusively settled that the same "state action" test governs claims under all three Amendments, but various United States Courts of Appeals have cited *Jackson* in the Fourth and Fifth Amendment contexts. *See, e.g., Wade v. Byles*, 83 F.3d 902, 905 n.4 (7th Cir. 1996) (Fourth Amendment); *United States v. Edwards*, 602 F.2d 458, 463 (1st Cir. 1979) (Fourth Amendment); *see also Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137–38 (2d Cir.

concludes that the Magistrate Judge's reliance on *Jackson* was not erroneous.

For all of the reasons stated above, Plaintiff's eleventh objection is overruled.

## K.    Objection 12

The Magistrate Judge recommended that Count V be dismissed as to all Defendants to the extent that it asserts claims under the Ninth Amendment because "[t]he Sixth Circuit has held that the 'Ninth Amendment confers no substantive rights in addition to those conferred by other portions of the Constitution.'" (Report and Recommendation at 13, Pg ID 408 (quoting *Green v. Hill*, 73 F.3d 361 (table) 1995 WL 764119, at *2 (6th Cir. 1995)).)

Plaintiff objects to the Magistrate Judge's reliance on *Green*. Specifically, Plaintiff notes that in *Gibson v. Matthews*, 926 F.2d 532 (6th Cir. 1991), which was cited in *Green*, the Sixth Circuit stated that "[t]he ninth amendment 'was added to the Bill of Rights to ensure that the maxim *expressio unius est exclusio alterius* would not be used at a later time to deny fundamental rights merely because they were not specifically enumerated in the Constitution.'" *Gibson*, 926 F.2d at 537 (quoting *Charles v. Brown*, 495 F.Supp. 862, 863–64 (N.D. Ala. 1980)).

The passage quoted from *Gibson* is in no way inconsistent with the

---

2002) (Fifth Amendment); *Behagen v. Amateur Basketball Ass'n of U.S.*, 884 F.2d 524, 530 (10th Cir. 1989) (Fifth Amendment). Plaintiff has not challenged the Magistrate Judge's reliance on *Jackson*, at any rate, and this Court cannot discern any reasons specific to this case that *Jackson*'s reasoning should not apply here.

proposition that the Ninth Amendment confers no substantive rights on its own; in context, it means that rather than being an independent source of substantive rights, the Ninth Amendment was designed to prevent the limitation of fundamental rights arising from *other* provisions of the Constitution merely because those rights were not expressly stated in the text of the document.

This Court concludes that the Magistrate Judge did not err in relying on *Green*. Accordingly, Plaintiff's twelfth objection is overruled.

**L.     Objection 13**

The Magistrate Judge recommended that any Tenth Amendment claims asserted in Count V be dismissed because the Complaint alleges no commandeering of state regulatory schemes by the federal government, nor any other theory of liability under the Tenth Amendment.

In her thirteenth objection, Plaintiff argues that the Magistrate Judge improperly overlooked the fact that under the Tenth Amendment, "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, *or to the people*." U.S. Const. amend. X (emphasis added).

The Magistrate Judge correctly determined that this case does not involve any federal commandeering of state regulatory schemes. Much of the specific government approval of DTE's smart-meter program, including approval of the opt-

out system that Plaintiff deems insufficient, came from the state of Michigan rather than the federal government, and the Michigan Court of Appeals subsequently affirmed the state's approval of the opt-out program. *See generally In re Application of DTE*, 2015 WL 728383. Plaintiff has not cited precedent interpreting the Tenth Amendment to require interference by this Court with this Michigan regulatory scheme, or to otherwise impose liability on any of the Defendants in this action. The Court overrules Plaintiff's thirteenth objection.

## M.    Objection 14

After finding that all of Plaintiff's federal claims must be dismissed for failure to state a claim under Rule 12(b)(6), the Magistrate Judge further recommended that this Court decline to exercise supplemental jurisdiction over the state-law claims remaining in the action. 28 U.S.C. § 1367(c) provides that a federal district court "may decline to exercise supplemental jurisdiction" over state-law claims asserted in tandem with federal claims if the court "has dismissed all claims over which it has original jurisdiction . . . ." The Sixth Circuit has held that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). This is in large part because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by

procuring for them a surer-footed reading of applicable law." *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

Plaintiff objects to the Magistrate Judge's recommendation that this Court decline to exercise supplemental jurisdiction over her state-law claims, arguing that the decision reflects bias and prejudice on the Magistrate Judge's part, and that judicial economy for all parties would be promoted were this Court to retain jurisdiction over the remaining claims. The Court rejects the first of these contentions out of hand: this Court sees no evidence of bias or prejudice in the Magistrate Judge's recommendations, particularly given the well-established legal principles supporting it. Moreover, to whatever extent judicial economy would be served by this Court's retention of jurisdiction over Plaintiff's state-law claims, it is outweighed by the federalism concerns embodied in *Rouster* and *Gibbs*: in circumstances like this, the state courts are better situated to adjudicate state-law claims untethered to claims over which the federal courts have original jurisdiction.

For these reasons, Plaintiff's fourteenth objection is overruled.

## N.     Objection 21[4]

Plaintiff's final objection is to the Magistrate Judge's recommendation that

---

[4] Although Plaintiff's final objection is titled "Objection # 21," there are no objections numbered 15 through 21 in Plaintiff's brief.

this Court dismiss the claims asserted against the ten John Doe Defendants for the same reasons that they should be dismissed as against Defendants McCormick and Sitkauskas. Plaintiff explains that the specific identities of these Defendants, the DTE employees who Plaintiff alleges trespassed on her property and disrupted her electrical service, are still unknown, and argues that the John Doe Defendants should not avoid liability simply because they were following orders if those orders were inherently unconstitutional.

Plaintiff's objection does not address the specific justification for the Magistrate Judge's recommended dismissal of these Defendants: that Plaintiff's claims against them are deficient for the same reasons that the claims against the named DTE employees are deficient. Indeed, Plaintiff makes no argument that the grounds for dismissal of Defendants McCormick and Sitkauskas stated by the Magistrate Judge do not apply to the John Doe Defendants. Whatever the merits of Plaintiff's argument that the John Doe Defendants should be no less liable than their superiors because they were following orders, the fact remains that the superiors themselves cannot incur liability under any of the theories that Plaintiff has asserted in this action. Accordingly, the Court overrules Plaintiff's final objection.

## IV.     CONCLUSION

For all of the reasons stated above, the Court hereby:

- OVERRULES Plaintiff's Objections (ECF No. 43);

- ADOPTS the Report and Recommendation of Magistrate Judge Mona K. Majzoub (ECF No. 40) as this Court's findings and conclusions of law;

- GRANTS Defendant Brader's Motion to Dismiss (ECF No. 11) as to the claims in Counts I-V of the Complaint (ECF No. 1);

- GRANTS Defendants McCormick and Sitkauskas's Motion to Dismiss (ECF No. 13) as to the claims in Counts I-V of the Complaint;

- GRANTS Defendants Nesbitt and Liberati's Motion to Dismiss (ECF No. 17) as to the claims in Counts I-V of the Complaint; and

- DISMISSES WITH PREJUDICE the claims asserted against John Doe Defendants 1-10 in Counts I-V of the Complaint.

Further, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims in Counts VI-XIV of the Complaint and DISMISSES those claims WITHOUT PREJUDICE.

This Order closes this case.

IT IS SO ORDERED.


Dated: October 6, 2017                    s/Paul D. Borman
                                          Paul D. Borman
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 6, 2017.

s/Teresa McGovern
Case Manager Generalist